UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

JONATHAN GREENWOOD,                    )
                                       )
          Plaintiff,                   )
                                       )
     vs.                               )          Case No. 2: 17 CV 39 CDP
                                       )
DAVOL, INC., et al.,                   )
                                       )
          Defendants.                  )

## MEMORANDUM AND ORDER

Plaintiff was implanted with defendants' mesh plug during hernia repair

surgery in 2003.  Plaintiff alleges that the defective condition of the mesh plug

caused him to have emergency surgery to remove a hard mass containing infected

mesh and a perforated appendix and another hernia repair in 2016.  Plaintiff alleges

he has also had further treatment for infection and pain since that time.  He brings

claims against defendants for negligence, strict liability, and breach of warranty

under Missouri law.  He also seeks punitive damages.

Having reviewed the complaint in light of the relevant standards,[1] the

motion to dismiss filed by defendants Bard and Davol must be denied at this time.

---

[1] The purpose of a motion to dismiss under Federal Rule of Civil Procedure 16(b)(6) is to test the
legal sufficiency of the complaint.  When considering a 12(b)(6) motion, the court assumes the
factual allegations of a complaint are true and construes them in favor of the plaintiff.  *Neitzke v.
Williams*, 490 U.S. 319, 326-27 (1989).  To survive dismissal, a complaint must contain "more
than labels and conclusions, and a formulaic recitation of the elements of a cause of action."  *Bell*

Whether plaintiff may ultimately be entitled to recover on some or all of his claims is not properly before me at this stage of the proceedings.  However, he has adequately alleged the necessary elements and is entitled to conduct discovery and present evidence in support of his claims.  *See Joyce v. Davol, Inc.*, 4:15CV468 JAR, 2016 WL 775183 (E.D. Mo. Feb. 29, 2016).

Accordingly,

**IT IS HEREBY ORDERED** that the motion to dismiss [12] is denied.


_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 18th day of December, 2017.

---

*Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *accord Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009).  The issue in considering such a motion is not whether the plaintiff will ultimately prevail, but whether the plaintiff is entitled to present evidence in support of the claim. *Neitzke*, 490 U.S. at 327.  "The same standards that govern motions to dismiss under Rule 12(b)(6) also govern motions for judgment on the pleadings under Rule 12(c)." *Ellis v. City of Minneapolis*, 860 F.3d 1106, 1109 (8th Cir. 2017).